LIVINGSTON *v.* NEW YORK EL. R. CO. *et al.*

(*Supreme Court, Special Term, New York County.* June 30, 1890.)

1. PRACTICE—SERVICE OF NOTICE OF APPEAL—ON ADVERSE ATTORNEY.

Dropping a notice of appeal into the office of the attorney for the adverse party through the letter-slot in the office door is leaving it in a "conspicuous place," within the meaning of Code Civil Proc. N. Y. § 797, subd. 3, which permits the service of a paper on an attorney, if there is no person in charge of his office, and the service is made between 6 A. M. and 9 P. M., "by leaving it in a conspicuous place in his office."

2. SAME—SUPPLYING DEFECTS IN APPEAL PROCEEDINGS.

Where a notice of appeal was seasonably and properly served on the adverse party, the supreme court, under the authority expressly vested in it by Code Civil Proc. N. Y. § 1303, may permit the notice of appeal to be served on the clerk of the court after the time limited by law.

Reversed in 11 N. Y. Supp. 359.

At chambers. Action by Caroline Livingston against the New York Elevated Railroad Company and the Manhattan Railway Company. There was a judgment in plaintiff's favor. On the last day on which notice of appeal could seasonably be served,—June 7, 1890,—a clerk of defendants' attorneys served the notice of appeal at about 3 P. M., by dropping it through a letter-slot in the door of the office of plaintiff's attorney. No notice was served on the clerk of the court, and defendants now apply for permission to serve said notice of appeal on the clerk *nunc pro tunc* as of June 7, 1890, under Code Civil Proc. N. Y. § 1303, which provides: "Where the appellant seasonably and in good faith serves the notice of appeal either upon the clerk or upon the adverse party or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, * * * the court * * * may in its discretion permit the omission to be supplied." Code Civil Proc. § 797, subd. 3, permits the service of a paper "upon an attorney, if there is no person in charge of his office, and the service is made between six o'clock in the morning and nine o'clock in the evening, * * * by leaving it in a conspicuous place in his office."

*S. B. Livingston,* for plaintiff. *Brainard Tolles,* (*Davies & Rapallo,* of counsel,) for defendants.

INGRAHAM, J. I think the notice of appeal was served on the afternoon of June 7th. The person making the service swears positively to that effect, and the affidavits of the plaintiff merely that persons going into the office did not see the paper on the floor. It does not appear how the paper could be served on Sunday, when the building was probably closed. The woman who cleans the office says she went in early Monday morning, and there found the

paper on the floor. It might well be that on Saturday evening, when the janitor went into the office, it was somewhat dark, and for that reason the paper was not noticed. The only question is whether the notice of appeal was left in a conspicuous place in the office of the plaintiff's attorney. When the clerk serving the paper arrived three he found the office door closed, with a hole through the door, and into that hole the paper was placed; and it appears that, after going through the hole, it fell on the floor in front of the door. I am inclined to think that this was a conspicuous place in the office. It was noticed by the person going into the office on Monday morning, and placed upon the desk of plaintiff's attorney, and received by him on Monday morning, when he arrived at his office. As the defendants evidently intended to appeal from the judgment in good faith, and as the notice of appeal was seasonably served upon plaintiff's attorney, the court has power, under section 1303 of the Code, to permit the notice of appeal to be served upon the clerk; and under the circumstances I think that relief should be granted, defendants to pay costs of this motion.